*813
OPINION

This case concerns whether a notice of termination issued to an employee satisfies the requirements of the Navajo Preference in Employment Act (NPEA). The Court holds the notice was sufficient, and affirms the Navajo Nation Labor Commission (Commission).
I
Appellant Bobby Rico, Sr. (Rico) worked as a lead inspector for Western Technologies (Western), which inspected bridge projects within the Navajo Nation funded by the Bureau of Indian Affairs (BIA). Two incidents caused his termination. Rico failed to accurately transcribe information on bridge abutment pile drivings and lied about inspecting several anchor bolts. Rico’s supervisors and BIA representatives discussed the incidents with Rico, and Rico was aware of the negative effects of his conduct on the bridge construction. Western delivered a notice of termination to Rico at the job site. The notice states that he was being terminated for “defective & improper work,” and states in a box to be used to describe the specific reason for termination “see Rt-tached.” The “attached” language allegedly refers to memoranda by Western employees written to each other discussing Rico’s conduct. Western claims these memoranda were attached and delivered to Rico at the time of his termination.
Rico filed a complaint with the Commission, and the Commission found in favor of Western. Rico claimed he was not fired for “just cause,” arguing, among other things, that the notice of termination was insufficient. He claimed the attachments were not included at the time of his termi- ■ ■■■ ■ nation, and that the notice itself did not adequately explain the reasons for his termination. The Commission ruled that the notice was sufficient due to prior discussions between Rico and his supervisors concerning his conduct. The Commission did not make a finding that the attachments were indeed included with the notice, and therefore apparently relied on the notice itself in its conclusion.[1] Rico then filed this appeal. The Court heard oral argument on September 21,2006.
II
The sole issue in this case is whether the notice of termination was sufficient under the Navajo Preference in Employment Act.
III
The Court reviews Commission decisions under an abuse of discretion standard. Toledo v. Bashas’ Dine Market, No. SC-CV-41-05, 6 Am. Tribal Law 796, 797, 2006 WL 6168967, *1 (Nav.Sup.Ct. 2006). One type of abuse of discretion is an error of law. Id. Whether a termination notification is sufficient is a question of law. Jackson v. BMP Minerals, No. SC-CV-36-00, 5 Am. Tribal Law 446, 451 n. 1, 2004 WL 5658532 at *3-4 n. 1 (Nav.Sup.Ct,2004). On a question of law, the Court gives no deference to the Commission’s decision. Id.
IV
Rico only challenges the sufficiency of his notice of termination, not the reasons justifying the termination. The Court therefore applies the Commission’s find *814 ings on the incidents justifying the termination as true for purposes of this analysis. The parties’ positions are significantly different. Rico argues that the notice is insufficient, as the notice gives no reasons for the termination other than “defective & improper work.” He argues that is not enough to inform him of the reasons for the termination. Rico further argues that even with the alleged attachments, the two memoranda between two Western administrative employees, the notice is not addressed specifically to him, and is therefore insufficient to properly notify him of his misconduct. Western disagrees, arguing that even without the alleged attachments, within the context of the discussions between Rico, his supervisors, and the BIA leading up to his termination, the notice is sufficient. Western argues that Rico knew why he was being terminated based on discussions concerning the two incidents of misconduct, and therefore the use of the term “defective & improper work” on the notice was sufficient.
The Court has discussed the notice requirement in the NPEA several times, but has never ruled it alone rendered a termination “without; just, cause.” See Manygoats v. Atkinson Trading Co., No. SC-CV-62-2000, 4 Am. Tribal Law 655, 664-65, 2003 WL 25794039 at *7-8 (Nav.Sup. Ct.2003); Dilcon Navajo Westerner/True Value Store v. Jensen, No. SC-CV-52-98, 2 Am. Tribal Law 502, 509-10, 2000 WL 35732586 at *5-6 (Nav.Sup.Ct.2000); Red, Mesa Unified School District, No. 27, 7 Nav. R. 135, 137 (Nav.Sup.Ct.1995); but see Milligan v. Navajo Tribal Utility Authority, No. SC-CV-31-05, 6 Am. Tribal Law 731, 733-34, 2006 WL 6169000 at *2-3 (Nav.Sup.Ct.2006) (referring to notice requirement as part of “procedural” requirement of “just cause” and stating that procedural defect can defeat termination). However, even assuming insufficient notice by itself is employer action “without just cause,” the Court holds the notice was sufficient in this case.
The NPEA requires that an employer give “written notification to the employee citing [just] cause ... in all eases.” 15 N.N.C. § 604(B)(8) (2005). The Court has interpreted the NPEA to require the notification to be in writing, to be meaningful and reasonably clear in its language, to contain facts supporting the termination, and to be provided to the employee contemporaneously with the termination. Jackson v. BHP Minerals, No. SC-CV-36-00, 5 Am. Tribal Law 446, 450-51, 2004 WL 5658532 at *3-4 (Nav.Sup.Ct.2004). One of the main purposes of written notification is to inform an employee of the basis for the adverse action. Id. By this notice the employee is able to pursue legal remedies with an understanding of what facts the employee must address. Id. Another purpose is to prevent ad hoc justifications for termination by requiring the employer to clearly state why an employee’s conduct is unsatisfactory. Id. This stops the employer from avoiding the just cause requirement by merely stating general displeasure with an employee as grounds for firing. Id.
While the NPEA requires “meaningful” notice, the meaningfulness of the language in a notice of termination is interpreted in the context of the specific circumstances of the case. The termination notice is not analyzed in a vacuum, considering the bare language of the notice with no consideration of the facts leading up to the termination. Instead, the Court, considers the full dealings between employee and employer, including prior verbal warnings or discussions concerning the employee’s conduct and other notices or documents given to the employee prior to the termination to conclude whether the *815 notice was meaningful to that employee, such that he or she would know why the termination occurred. See Jackson, No. SC-CV-36-00, 5 Am. Tribal Law 446, 450-51, 2004 WL 5658532 at *3-4; Manygoats, No. SC-CV-62-2000, 4 Am. Tribal Law at 664-65, 2003 WL 25794030 at *7-8; Red Mesa, 7 Nav. R. at 137. This does not mean that notice is not required, but only that the meaningfulness of the notice is to be considered in light of all the circumstances leading up to the termination.
Based on this analysis, the notice was meaningful. Rico had discussed the two incidents of misconduct with his supervisors and the BIA, and therefore knew of his deficiencies, and the negative effects of those deficiencies. Within the context of these discussions, when Western representatives arrived and delivered his termination notice with the term “defective & improper work” stated on the notice, Rico had meaningful notice of the reasons for his termination, regardless of whether the alleged attachments were included. He should have known that his previous conduct was the ground for his termination, and the use of the term “defective & improper work” in that context is meaningful.
This ease differs from the factual situation in Manygoats, where the employee had no discussions with her employer prior to receiving a scrap of paper with the words “violating company policies” as the reason for her termination. See No. SC-CV-62-2000, 4 Am. Tribal Law at 664, 2003 WL 25794039 at *7. There Many-goats had received no notice of her alleged violation of company policies until after her termination. Id. Here, the existence of prior discussions differs significantly from the facts in Manygoats. This case is more similar to Jaakson and Red Mesa, where the employees received superficially vague descriptions of the reasons for their termination in the notices, but, when seen in the light of prior discussions and other documents, the Court held the notices were meaningful. See Jackson, No. SC-CV-36-00, 5 Am. Tribal Law 446, 450-51, 2004 WL 5658532 at *3-4; Red Mesa, 7 Nav. R. at 137. Similarly, the Court holds the notice was meaningful, and therefore the notice was sufficient.
V
Based on the above, the Court AFFIRMS the Commission.

. Curiously, the Commission relies on the memoranda earlier in its decision for certain factual findings, but at the end of the decision appears to conclude that the memoranda were not necessary to make the notice “meaningful.” See infra, at 814 (discussing "meaningful” requirement).